No. 618 August 28, 2024 671

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of O. M. H.-G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. A. H., Jr.,
*Appellant.*

Multnomah County Circuit Court
18JU08812;
Petition Number 113461;
A183136 (Control)

In the Matter of E. J. H., aka B. G. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. A. H., Jr.,
*Appellant.*

Multnomah County Circuit Court
19JU08348;
Petition Number 113878;
A183141

Patrick W. Henry, Judge.

Submitted June 3, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Father challenges the juvenile court's establishment of a general guardianship for his two young children, arguing that the guardianship is not in the children's best interests because (1) he had uniformly positive supervised visits with them leading up to the establishment of the guardianship, and (2) the guardians are not suitable, because they will not allow father and the children to have in-person contact but will allow contact only through email and a Google Drive. Father does not seek *de novo* review, nor does this case warrant it. ORS 19.415(3)(b); ORAP 5.40(8)(c). Thus, we review the juvenile court's legal conclusions for errors of law and are bound by its findings of historical fact if there is any evidence in the record to support them. *Dept. of Human Services v. N. S.*, 246 Or App 341, 344, 265 P3d 792 (2011), *rev den*, 351 Or 586 (2012). The juvenile court's best-interests determination is reviewed for an abuse of discretion. *Dept. of Human Services v. T. C. A.*, 251 Or App 407, 415, 283 P3d 956, *rev den*, 352 Or 665 (2012); ORS 419B.349(2) (providing that court has discretion to direct the type of placement). A court abuses its discretion only if its determination is not a legally permissible one. *T. C. A.*, 251 Or App at 415 (citation omitted).

The juvenile court assumed jurisdiction of the children when they were infants, in October 2018, and November 2019, and they have spent most of their young lives in substitute care.[1] Father believed that the court wrongfully took jurisdiction of the children and that he and the children's mother could safely and adequately care for them. In the months leading up to the change in plan, father had had positive supervised visits with the children but had otherwise declined to engage in services offered by the Department of Human Services (DHS).

The juvenile court changed the permanency plan from reunification to a general guardianship,[2] finding that

---

[1] The court assumed jurisdiction based on allegations of mother's substance abuse, mother's mental health, father's failure to appreciate the danger that mother poses to the children, and both parents' residential and employment instability.

[2] A general guardianship under ORS 419B.366 differs from a permanent guardianship under ORS 419B.365 in that a parent may seek to vacate a

father had a long history of refusing services—including services related to mediated ongoing contact with the children—and had failed to make progress toward conditions necessary for the children to return home. The court further found that a change in the plan to guardianship was in the children's best interests, because of the length of time they had been in substitute care and their need for permanency.

We have reviewed the record and conclude that, given the length of time the children had been in substitute care at the time the juvenile court established the guardianship—four and a half years and three and a half years—and father's failure to engage in services that DHS offered throughout the life of the case, the juvenile court did not abuse its discretion in concluding that it was in the children's best interests to have permanency and in granting DHS's petition for a general guardianship.[3]

We further conclude that the record supports the juvenile court's determination that the proposed guardians were suitable to meet the needs of the children and were willing to accept the duties and authority of a guardian. Father's primary objection to their suitability was their unwillingness at the time of hearing to allow in-person contact between father and the children. The juvenile court did not regard the unwillingness to allow in-person contact with father as disqualifying and determined that whether or not to allow in-person contact with father would be within the discretion of the proposed guardians.[4] The trial court did not err in so concluding. Contrary to father's contention, a determination of suitability does not hinge on the guardian's

_____

general guardianship under ORS 419B.368(1). *A. D. J.*, 300 Or App at 436; ORS 419B.368(1) ("The court, on its own motion or upon the motion of a party and after such as the court may direct, may review, modify or vacate a guardianship order.").

[3] We note that, under ORS 419B.368, if father takes steps to ameliorate the bases for jurisdiction, he can move to set aside the guardianship. *See* ORS 419B.368(3)(a) - (c) (authorizing court to vacate a guardianship order and return a child to the custody of the parents if it is in the child's best interest, "[t]he conditions and circumstances giving rise to the guardianship have been ameliorated," and the parent is able to care for the child).

[4] There is evidence in the record from which the juvenile court could find that the reason for the proposed guardians' unwillingness to allow in-person contact was a safety concern triggered by father's past threatening behavior toward DHS employees.

willingness to facilitate in-person contact between father and the children. *See* ORS 419B.366(5)(c) (requiring court to determine that "[t]he proposed guardian is suitable to meet the needs of the ward and is willing to accept the duties and authority of a guardian").

Affirmed.